UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CHELLINE CARTER | CIVIL ACTION NO. 6:17-cv-00464 |
| VERSUS | JUDGE DOHERTY |
| SHANNON BRASSEAUX, ET AL | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Currently pending is the motion to dismiss, under Fed. R. Civ. P. 12(b)(6), which was filed by the defendants, Shannon Brasseaux in his official capacity, Joel Robideaux, individually and in his official capacity, and Lafayette City-Parish Consolidated Government ("LCG") [Rec. Doc. 4]. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C.§636 and the standing orders of this Court. The motion is opposed and oral argument was heard on June 15, 2017. For the following reasons, it is recommended that the motion to dismiss be granted in part and denied in part.

#### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

According to the complaint, the plaintiff Chelline Carter arrived on the scene where her son had just been placed under arrest by defendant Shannon Brasseaux, a police officer with the Lafayette Police Department. While at the scene, Ms. Carter used her telephone to take a picture of her son inside of Officer Brasseaux's police

vehicle. She alleged that Officer Brasseaux grabbed the telephone out of her hand, advised her that she was breaking the law and that she could be arrested for taking a picture of evidence. Ms. Carter further alleged that Officer Brasseaux gained access to the contents of her telephone and deleted one or more of the photographs that were taken before he returned the telephone to her.

Ms. Carter filed the present lawsuit and named Officer Brasseaux and Joel Robideaux, the mayor-president of LCG, as defendants in their official and individual capacities, and LCG, as the governing authority of the Lafayette Police department. Ms. Carter asserts four causes of actions against all defendants alleging a violation of Ms. Carter's: (1) First Amendment rights under 42 U.S.C. § 1983; (2) Fourth Amendment rights under 42 U.S.C. § 1983; (3) free exercise of speech under Art. 1, § 7 of the Louisiana Constitution of 1974; and (4) freedom from unlawful search and seizures under Art. 1, § 7 of the Louisiana Constitution of 1974. Ms. Carter seeks a preliminary and permanent injunction barring the defendants from interfering with the rights of individuals to photograph police activities in public, a declaratory judgment, nominal damages, and attorney fees.

In the motion to dismiss, the defendants contend that Ms. Carter's claims against Mayor-President Robideaux in his individual capacity and Ms. Carter's claims against LCG fail to allege facts sufficient to state a claim for relief to be granted

under 42 U.S.C. § 1983. Further, the defendants argue that Ms. Carter's claims against Officer Brasseaux and Mayor-President Robideaux in their official capacities are redundant because LCG has been named as a defendant. Ms. Carter concedes that her claims against Officer Brasseaux and Mayor-President Robideaux are redundant and should be dismissed. Therefore, the only contested issue before the Court is whether Ms. Carter's complaint states a claim upon which relief may be granted under 42 U.S.C. § 1983 against LCG and Mayor-President Robideaux in his individual capacity.

## Analysis

### A. The Applicable Standard

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1] When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.[2] The court must accept all well-pleaded facts as true, and it must view them in the light

---

[1] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

most favorable to the plaintiff.[3] However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[4] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[5]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[6] The allegations must be sufficient "to raise a right to relief above the speculative level,"[7] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[8] "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

---

[3] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[4] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[6] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[7] *Bell Atlantic v. Twombly,* 127 U.S. at 555.

[8] *Bell Atlantic v. Twombly,* 127 U.S. at 555, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004).

elements of a cause of action will not do."[9]  If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[10]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]  "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]  Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[13]

---

[9] *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[11] *Ashcroft v. Iqbal*, 556 U.S. at 678.

[12] *Ashcroft v. Iqbal*, 556 U.S. at 679.

[13] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009), quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556.  See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

**B.** **_SECTION 1983 LIABILITY FOR MUNICIPALITIES AND INDIVIDUALS ACTING IN THEIR OFFICIAL CAPACITIES_**

"A judgment in a § 1983 lawsuit against an official in his official capacity imposed liability against the entity he represents."[14] Therefore, it is "well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability."[15] When, as in this case, the government entity itself is a defendant in the litigation, claims against specific individuals in their official capacities are redundant, and for that reason, courts in this circuit have found it is appropriate to dismiss them.[16] Thus, this Court finds that the plaintiff's § 1983 claims against Officer Brasseaux and Mayor-President Robideaux in their official capacities should be dismissed because they are redundant of the claims asserted against LCG.

The defendants also contend that the plaintiff's complaint fails to state a claim against LCG. Municipalities are not vicariously liable for violations committed by their employees, but they are liable when their official policies cause their employees

---

[14] *Deshotels v. Village of Pine Prairie*, No. 11-CV-2052, 2012 WL 1712358, at *4 (W.D. La. Apr. 13, 2012).

[15] *Howell v. Town of Ball*, No. 12-951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012), citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

[16] *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) *Flores v. Cameron County*, Tex., 92 F.3d 258, 261 (5th Cir. 1996).

to violate another person's constitutional rights.[17] Therefore, a claim of municipal liability under Section 1983 requires proof of three elements: a policymaker, an official policy, and a violation of constitutional rights whose moving force is the policy or custom.[18] The proper analysis of such claims requires an inquiry into two separate issues: (1) whether the plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation.[19]

A municipality may also incur §1983 liability for its non-policy-making employees' acts when a municipal policy of hiring or training causes those acts.[20] When such a claim is asserted, the plaintiff must show (1) that the training or hiring procedures of the municipality's policymaker were inadequate; (2) that the municipality's policymaker was deliberately indifferent in adopting the hiring or training policy; and (3) that the inadequate hiring or training policy directly caused the plaintiff's injury.[21]

---

[17] *Jones v. Lowndes County, Miss.*, 678 F.3d 344, 349 (5th Cir. 2012); *Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996).

[18] *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

[19] *Doe ex rel. Magee v. Covington County School Dist. ex rel. Keys*, 675 F.3d 849, 867 (5th Cir. 2012).

[20] *Benavides v. County of Wilson*, 955 F.2d 968, 972 (5th Cir. 1992); *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 170 (5th Cir. 2010).

[21] *Benavides v. County of Wilson*, 955 F.2d at 972 citing *City of Canton v. Harris,* 489 U.S. 378 (1205-070 (1989); *Zarnow v. City of Wichita Falls, Tx.* 614 F.3d at 170.

>A municipality acts with "deliberate indifference" if
>
>>in light of the duties assigned to specific officers or employees, the need for more or different training is so obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.[22]

Ms. Carter has made a number of conclusory statements to which no assumption of truth should be attached. Ms. Carter has identified an alleged policymaker, but she does not identify any general facts regarding an actual policy or custom that was the cause of her alleged constitutional violations. In Ms. Carter's complaint, she made two separate allegations that the LCG "developed and maintained policies and/or practices" that "caused or was the moving force behind the violation of the plaintiff's rights" under the First and Fourth amendment.[23] These allegations are merely a recitation of the elements required for a cause of action against a municipality and are insufficient to state a claim against LCG.

Furthermore, the Fifth Circuit Court of Appeals has clearly stated that a complaint that makes no specific factual allegations of a policy and "simply adds the words 'policies, practices, and/or customs'" to the perceived wrong is insufficient to

---

[22] *Benavides v. County of Wilson*, 955 F.2d at 972 (citations omitted).

[23] Rec. Doc. 1 p. 7-8.

survive dismissal.[24] Therefore, this Court concludes that the plaintiff has failed to state a plausible § 1983 claim against LCG based on a policy or custom that allegedly caused her constitutional violation.

Ms. Carter has also alleged that LCG failed to adequately train, discipline, supervise, and control Lafayette Police Department officers. Ms. Carter pled two separate allegations regarding violations of her First and Fourth amendment rights. Ms. Carter alleged that Mayor-President Robideaux, as a final policymaker, "failed to exercise his authority to properly train, discipline, supervise, and control" officers that caused or was the moving force behind the violation of the plaintiff's First and Fourth amendment rights.[25] These two allegations regarding the plaintiff's First and Fourth amendment rights are both conclusory.

With regard to the Fourth Amendment failure to train allegation, Ms. Carter has not identified any facts regarding a specific inadequate hiring or training policy that the municipality adopted and how the municipality was deliberately indifferent in adopting the policy. Therefore, Ms. Carter's allegations are conclusory. With regard to the First Amendment failure to train allegation, Ms. Carter also alleged that

---

[24] *Whitley v. Hanna*, 726 F.3d 631, 649 (5th Cir. 2013) citing *Spiller v. City of Tex. City, Police dep't*, 130 F.3d 162, 167 (5th Cir. 1997).

[25] Rec. Doc. 1 p. 7-8

the "Lafayette Police Department lacks training protocols to ensure that its officers will respect and not violate the First Amendment rights of the public."[26] While this additional allegation provides an assertion that the municipality could potentially be liable for their lack of training, Ms. Carter does not provide additional factual allegations beyond the general restatement of the elements for a cause of action under § 1983. Therefore, this Court concludes that the plaintiff has failed to state a plausible § 1983 claim against LCG based on a failure to adequately train.

### C.   SECTION 1983 LIABILITY AGAINST PERSONS ACTING IN THEIR INDIVIDUAL CAPACITY

In order to assert a valid claim against an official in his individual capacity, "[a] §1983 claimant must 'establish that the defendant was either personally involved in a constitutional deprivation or that his wrongful actions were causally connected to the constitutional deprivation.'"[27] "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."[28] "A supervisory official may be held liable . . . only if (1) he affirmatively participates in

---

[26]   Rec. Doc. 1 p. 6

[27]   *Jones v. Lowndes County, Miss.*, 678 F.3d at 349 quoting *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008).

[28]   *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001).

the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury."[29]

To establish supervisor liability for constitutional violations committed by subordinate employees, the plaintiff must show that the supervisor acted or failed to act with deliberate indifference to the violation of others' constitutional rights committed by their subordinates.[30] A supervisor may also be liable for failure to supervise or train if: (1) the supervisor failed to supervise or train the subordinate officer; (2) a casual connection exists between the failure to supervise or train and the violation of the plaintiff's rights; and (3) the failure to supervise or train amounted to deliberate indifference to the plaintiff's constitutional rights.[31] Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. Even under the objective standard liability requires more than unintentional negligent oversight or even gross negligence; there must be a deliberate choice.[32]

---

[29] *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011), quoting *Gates v. Texas Department of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008).

[30] *Porter v. Epps*, 659 F.3d at 446; *Gates v. Texas*, 537 F.3d at 435.

[31] *Porter v. Epps,* 659 F.3d at 447 quoting *Goodman v. Harris Cnty.*, 571 F.3d 388. 395 (5th Cir. 2009).

[32] *City of Canton*, 489 U.S. at 388, n. 7; *Brown v. Callahan*, 623 F.3d 249, 255 (5th Cir. 2010)

Ms. Carter does not allege that Mayor-President Robideaux was personally involved with the alleged violation of her constitutional rights. Instead, Ms. Carter alleged that Mayor-President Robideaux is personally liable based on the conduct of his subordinate, Officer Brasseaux. Ms. Carter appears to make the same allegations against Mayor-President Robideaux in his individual capacity as she asserted against the LCG. Ms. Carter alleges that Mayor-President Robideaux was the final policy maker for LCG and that he "failed to adequately or reasonably train, supervise, discipline, and control Lafayette Police Department officers with respect to the rights of the public" under the First and Fourth amendments, and that he has "shown deliberate indifference by adopting or allowing policies, practices or customs that do not prevent officers from violating the First and Fourth amendment rights of members of the public."[33]

These allegations fail to meet the required standard to state a claim against Mayor-President Robideaux in his individual capacity. When a plaintiff asserts a claim against a government official in their individual capacity, like Ms. Carter asserted against Mayor-President Robideaux, the plaintiff must allege specific conduct giving rise to the constitutional violation.[34] This heightened pleading

---

[33]   Rec. Doc. 1 p. 6

[34]   *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir, 1999)

standard "requires more than conclusional assertions: the plaintiff must allege specific facts giving rise to a constitutional violation."[35] Ms. Carter does not allege Mayor-President Robideaux's specific conduct that gave rise to her alleged constitutional violation. Therefore, this Court finds that Ms. Carter's allegations against Mayor-President Robideaux in his individual capacity are conclusory.

### D.  *LEAVE TO AMEND*

Ms. Carter argued in her opposition brief that she should be afforded an opportunity to amend her complaint to correct any deficiencies. This Court agrees. "A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'"[36] Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff 'at least one chance to amend.'"[37] However, this Court will caution the plaintiff that Rule 11 will govern the amended complaint. Therefore, any factual contentions within the amended complaint must have evidentiary support or will likely have evidentiary support after a reasonable opportunity for discovery.

---

[35]  *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)

[36]  *Lowry v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997), quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[37]  *Hernandez v. Ikon Office Solutions, Inc*. 306 Fed. Appx. 180, 182 (5th Cir. 2009); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

## **CONCLUSION**

In summary, the undersigned recommends that the defendants' motion to dismiss be granted in part and denied in part. More particularly, the undersigned recommends that:

1. The defendants' motion be GRANTED with regard to the claims asserted against defendants Shannon Brasseaux and Joel Robideaux in their official capacities and that these claims be DISMISSED.

2. The defendants' motion be, in all other respects, DENIED without prejudice to the rights of the defendants to re-urge the motion, if appropriate, to seek dismissal of the amended complaint.

3. The plaintiff be ordered to file an amended complaint not later than 30 days from the date that the Report and Recommendation is adopted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within

fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

Signed this 19th day of June, 2017, at Lafayette, Louisiana.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**